UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF JEREMY ISADORE LEVIN, et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Civil Action No. 21-0420 (JEB) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>$2,340,000.00 HELD BY LIBERIAN COMPANY 1 ASSOCIATED WITH PETROLEUM TANKER NAUTIC, et al.,<br><br>    Defendants in rem. | Civil Action No. 20-1139 (JEB) |

**JOINT MOTION TO SET SCHEDULE**

The parties to the above captioned actions—namely the Levin Claimants,[1] the Owens Claimants,[2] Wells Fargo Bank, N.A. ("Wells Fargo"),[3] Crystal Holdings Limited ("Crystal Holdings") and the United States of America ("United States")[4] (collectively, the "Parties")—jointly and respectfully move to set a schedule governing future proceedings in the above captioned matters.

## BACKGROUND

As the Court is aware, the above captioned actions concern approximately $10 million in proceeds from the sale of a petroleum tanker called the Nautic held in a blocked account at Wells Fargo (the "Blocked Funds"). The United States filed the Forfeiture Action against the Blocked Funds and other properties, and thereafter, the Levin and Owens Creditors obtained collection

---

[1] The "Levin Claimants" are the plaintiffs in Civil Action Nos. 05-2494 (JEB) (the "Levin Writ Action"), in which the Levin Claimants obtained their judgment and writs relevant here, and Civil Action No. 21-0420 (JEB) (the "Levin Turnover Action"), where the Levin Claimants have sought condemnation on their writs. The Court later consolidated Levin Writ Action into the Levin Turnover Action. *See* Order, Levin Turnover Action, ECF No. 22. The Levin Claimants claim to have obtained the only writ of execution on the Blocked Funds in South Dakota, where the Levin Claimants contend the Blocked Funds are held based on representations made by Wells Fargo in court filings and otherwise. Specifically, they registered their judgment in South Dakota and have a pending collection case in South Dakota federal district court. The South Dakota action was stayed by stipulation between the United States (as intervenor), the Levin Claimants, and Wells Fargo, until the conclusion of the appeals in the D.C. Circuit. *See* Levin Claimants Mot., Levin Turnover Action, ECF No. 47.

[2] The "Owens Claimants" are the plaintiffs in Civil Action Nos. 21-0126 (JEB), 21-0127 (JEB), and 21-0127 (JEB) (the "Owens Actions"), which were bifurcated from the actions in which the Owens Claimants obtained their judgments and pertain to matters arising from their writs relevant here, including their prior motion for condemnation, and later consolidated into the Levin Turnover Action. *See* Order, Levin Turnover Action, ECF No. 22.

[3] Wells Fargo is the garnishee in the Levin Writ Action and Owens Actions and the defendant in the Levin Turnover Action.

[4] The United States is an intervenor in the Levin Writ Action, the Levin Turnover Action, and the Owens Actions and the plaintiff in the "Forfeiture Action," Civil Action No. 20-1139 (JEB).

writs against the Blocked Funds (the "Writs"). The United States twice moved to quash those Writs, the Court twice granted the government's motions, and the D.C. Circuit has now twice reversed. Based on the D.C. Circuit's most recent ruling, the United States no longer seeks to quash the Writs. That said, several disputes remain among the parties regarding the Blocked Funds.

*First*, on October 27, 2025, Crystal Holdings moved to quash the Writs, arguing the Blocked Funds belong to Crystal Holdings and are not subject to attachment under the Terrorism Risk Insurance Act ("TRIA"). *See* Crystal Holdings Mot. Quash, Levin Turnover Action, ECF No. 43. The Levin Claimants have opposed Crystal Holdings' motion (*id.* at ECF No. 45), the Owens Claimants intend to oppose that motion by December 10, 2025 (*see id.* at Min. Order of Nov. 10, 2025), and Wells Fargo and the United States take no position on that motion, though the United States does so without prejudice to its right to challenge Crystal Holdings' claim in the Forfeiture Action (including its purported ownership interest in the Funds and its status as an innocent owner).

*Second*, on November 11, 2025, the Levin Claimants moved to quash the Writs obtained by the Owens Claimants and to transfer the Levin Turnover Action to South Dakota—arguing, among other things, that since the Blocked Funds are located in South Dakota, the Writs issued by this Court fail to provide the Owens Claimants priority to the Funds and the case should be resolved in South Dakota where the Blocked Funds are located. *See* Levin Claimants Mot., Levin Turnover Action, ECF No. 47. The Owens Claimants intend to fully oppose the Levin Claimants' motion, the United States intends to oppose the request to transfer this action, Wells Fargo takes no position on the motion, and Crystal Holdings opposes the transfer because it believes that it is most efficient for these issues to be resolved by the same court that will decide the forfeiture. The United States

also intends to move to permit Wells Fargo to deposit the Funds into the Court's registry to facilitate future proceedings in these matters, including as to the Forfeiture Action. The Levin Claimants will oppose any motion which attempts to transfer the Blocked Funds from Wells Fargo's office in South Dakota and particularly any motion that attempts to transfer the Blocked Funds subject to a writ of execution under TRIA in South Dakota.

*Third*, once the Court resolves the pending motions to quash, the parties disagree who should ultimately receive the Blocked Funds. The United States believes that once the Court resolves the latest round of motions to quash, the parties who hold a claimed property interest in the Blocked Funds should turn to the Forfeiture Action to assert and fully resolve the competing priority of their claims. For example, the United States believes it has priority to the Blocked Funds because its forfeiture interest in them predates the judgment liens obtained by the Levin and Owens Claimants and Crystal Holdings has no specific property interest in the Funds. By contrast, the Levin Claimants believe, among other things, that the D.C. Circuit has already made clear that the TRIA judgment holders have a priority to even previously filed claims in a forfeiture action by the government as well as to any claim made by a non-TRIA claimant, like Crystal Holdings under TRIA's "notwithstanding" language. The Owens Claimants believe their TRIA judgment liens trump the United States' forfeiture interest and Crystal Holdings contends it has a first-in-time interest in the Funds as the beneficiary of the blocked funds transfer. The parties' arguments regarding the ultimate question of ownership, however, will depend on the outcome of the pending motions to quash.

## PROPOSAL

Considering the above, the parties propose that the Court resolve the pending motions to quash and the Levin Claimants' venue objection before turning to the ultimate issue in this case—

i.e., who is entitled to the Blocked Funds. The parties propose the following schedule to govern the remaining briefing on the pending motions:

- United States' motion for deposit and responses to Levin Claimants' and Crystal Holdings' pending motions – December 10, 2025

- Responses to the United States' motion for deposit and replies for Levin Claimants' and Crystal Holdings' pending motions – January 16, 2025

- Reply for the United States' motion for deposit – January 30, 2025

The parties further propose that all other matters in the above captioned actions be continued and stayed until final resolution of the above noted motions. Along these lines, the Parties propose that the Court continue: (1) any deadline for the Owens and Levin Creditors to file or renew their requests for condemnation or turnover on their writs (if needed), and (2) the deadline for the Levin Creditors to file a claim and answer in the Forfeiture Action, pending further order of the Court after final resolution of the United States' renewed motion to quash.

A proposed order memorializing these proposals is enclosed herewith.

\* \* \*

Respectfully submitted,

| | |
|---|---|
| JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:   */s/ Brian P. Hudak*<br>    BRIAN P. HUDAK, D.C. Bar #90034769<br>    Assistant United States Attorney<br>    601 D Street, NW<br>    Washington, DC 20530<br>    (202) 252-2549<br><br>*Attorneys for the United States of America* | HOWARTH & SMITH<br><br>By:   */s/ Suzelle Smith*<br>    SUZELLE SMITH<br>    DON HOWARTH<br>    KATHERINE HIGHT<br>    523 W. 6th Street, Suite 728<br>    Los Angeles, CA 90014<br>    (213) 955-9400<br><br>*Attorneys for the Levin Claimants* |
| MAYER BROWN LLP<br><br>By:   */s/ Alex C. Lakatos*<br>    ALEX C. LAKATOS<br>    1999 K Street NW<br>    Washington, DC 20006<br>    (202) 263-3312<br>    alakatos@mayerbrown.com<br><br>*Counsel for Wells Fargo Bank, N.A.* | GIBSON, DUNN & CRUTCHER LLP<br><br>By:   */s/ Matthew D. McGill*<br>    MATTHEW D. MCGILL, D.C. Bar #481430<br>    1050 Connecticut Avenue, N.W.<br>    Washington, DC 20036<br>    (202) 955-8500<br><br>*Attorneys for the Owens Claimants* |

Dated: November 25, 2025